JOHN S. LEONARDO
United States Attorney
District of Arizona
CHRISTINA M. VEJAR
Assistant U.S. Attorney
State Bar No. 024795
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: Christina.vejar@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>vs.<br><br>Veronica Guadalupe Saldivar,<br><br>    Defendant. | CR 15-02062-TUC-JAS (LCK)<br><br>GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE EVIDENCE OF DURESS DEFENSE AND DURESS JURY INSTRUCTION |

The United States of America, by and through undersigned counsel, hereby moves the Court in limine to preclude all questioning, evidence, testimony and argument related to a duress defense which may be offered by the defendant at the trial in this case. The defendant recently noticed an expert (Dr. Peter Chalk). In her notice, she indicated that the expert would be relevant to a duress defense. This motion is made under Rules 401 and 403 of the Federal Rules of Evidence, and is made to request that the Court bar the defendant from presenting a duress defense (and from presenting expert and other evidence in support of it) because she will fail to establish a prima facie claim of duress.

### I.     Statement of Facts

On October 22, 2015, the defendant presented herself for inspection at the pedestrian crossing of the DeConcini Port of Entry in Nogales, Arizona. During her inspection to enter into the United States, Saldivar was referred to secondary inspection

where a canine alerted to an odor that it was trained to detect on the defendant's person. Agents told her she should come clean if she had any drugs on her person. At that point, the defendant admitted that she was carrying drugs because she needed the money. Officers then conducted a pat down of her person and found one package of suspected narcotics around her stomach, four packages in her bra and three packages in her underwear. The packages were weighed and field tested and were determined to be 3.52 kilograms of methamphetamine and 1.18 kilogram of cocaine.

The defendant's arrest in the current case is not the defendant's only involvement in the drug trade. The defendant was also arrested in 2014 for a similar incident which is even more salient in light of the defense's new claim of duress: On December 4, 2014, the defendant entered the United States through the DeConinci Port of Entry in Nogales, Arizona. She was the driver, owner, and sole occupant of a 2002 Toyota Tundra. When she approached primary inspection, the agent noticed that the defendant was exhibiting nervous behavior.  After being sent to secondary, she told the officer that she was in Mexico buying candy for her daughter's birthday party. During secondary inspection, a canine alerted to the rear seat of the vehicle. Officers probed the seat which revealed a white powdery substance. A search of the seats revealed 8 packages of suspected narcotics that tested positive for cocaine and methamphetamine. Specifically, the packages were 9.26 kilograms of cocaine and .94 kilograms of methamphetamine.  During her post Miranda interview, she told agents she knew nothing of the drugs in her vehicle. She said that the piñata she had ordered was not finished when she arrived at the store in Mexico, so she went and got her car detailed. She said the detailing took about an hour.  The defendant claimed that the drugs must have been placed in her vehicle in the one hour that it took to have the car detailed.

**II.   Law and Argument**

At trial, the defendant bears the burden of proving duress by a preponderance of the evidence. *Dixon v. United States*, 126 S.Ct. 2437, 2442-48 (2006) (holding that a defendant

bears the burden of proving a duress defense); *United States v. Beasley*, 346 F.3d 930, 935 (9th Cir. 2003) (holding that burden should be placed on defendant to prove justification defense). "…a defendant is not entitled to present a duress defense to the jury unless the defendant has made a prima facie showing of duress in a pre-trial offer of proof". *United States v. Vasquez-Landaver*, 527 F.3d 798, 802 (9th Cir. 2008). A district court may preclude the defendant from presenting irrelevant testimony, including her own testimony regarding a duress claim, where the defendant's proffer failed to make a prima facie showing of the required elements. *Id.*

"In order to make a prima facie showing for a duress defense or a jury instruction, a defendant must establish: '(1) an immediate threat of death or serious bodily injury, (2) a well-grounded fear that the threat will be carried out, and (3) lack of a reasonable opportunity to escape the threatened harm.' In the absence of a prima facie showing of duress, evidence of duress is irrelevant and may be excluded, and a jury instruction is not appropriate." *United States v. v. Ibarra-Pino*, 657 F.3d 1000, 1005 (9th Cir. 2011), quoting *United States v. Vasquez–Landaver*, 527 F.3d 798, 802 (9th Cir. 2008) (citations and internal quotation marks omitted).

Defendant should be precluded from offering any evidence of duress because defendant will not be able put forth facts that amount to a prima facie showing of duress. The facts known to the government in this case appear to directly contradict the defendant's new claim of duress. When the defendant presented herself at the port of entry, she was asked if she had anything to declare and gave a negative declaration. She had the opportunity to escape the threatened harm at the point and chose not to do so. When arrested for the present offense, the defendant claimed that she "needed the money". At no time did she tell agents that she was being forced or threatened to commit this offense. In addition, the defendant is a U.S. citizen who lives in the United States. Her notice of a defense expert on corruption in Mexican policing and the control the Mexican cartels have would not have prevented her from coming forward to U.S. authorities where she lives and where she is a citizen of. This is especially true when considering the defendant's first

attempt to cross illegal drugs into the U.S. occurred approximately 11 months prior to the current offense.

Absent defendant coming forth with some factual basis for her claim of duress, sufficient to make a prima facie showing, all questioning, evidence, testimony and argument which may be offered by the defendant on this issue at any trial in this case should be precluded.

### III.  Conclusion

For these reasons, the United States respectfully requests that the Court preclude under Rules 401 and 403 of the Federal Rules of Evidence all questioning, evidence, testimony and argument related to a duress defense which may be offered by the defendant at the trial in this case.

Respectfully submitted this 6$^h$ day of October, 2016.

>JOHN S. LEONARDO
>United States Attorney
>District of Arizona
>
>*s/Christina M. Vejar*
>
>CHRISTINA M. VEJAR
>Assistant U.S. Attorney

Copy of the foregoing served electronically or by other means this 6th day of October, 2016, to:

Elias Damianakos, Esq.