**DLF DAMIANAKOS LAW FIRM, PLLC**
ATTORNEYS & COUNSELORS AT LAW

177 N. Church Ave., Suite 605
Tucson, Arizona 85701
Tel: (520) 222-8270
Fax: (520) 222-8274
Elias Damianakos, Esq.
Email: elias@damianakoslaw.com
State Bar No. 022850
Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| UNITED STATES OF AMERICA, | ) | CR15-2062 TUC JAS (LCK) |
|---|---|---|
| Plaintiff, | ) | **DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION TO ADMIT PRIOR ACT EVIDENCE** |
| vs. | ) | |
| VERONICA GUADALUPE SALDIVAR, | ) | |
| Defendant. | ) | |

The Defendant, Veronica Guadalupe Saldivar (hereinafter "Saldivar"), by and through counsel, hereby responds to the Government's Motion to Admit Evidence of the Conspiracy or in the Alternative, to Admit Evidence under Rule 404(b). For the following reasons, the Defendant objects to the introduction of the proposed prior act evidence in the Government's case-in-chief.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      Relevant Facts**

Counts 1 and 4 of the indictment in this matter charge the Defendant with Conspiracy to Possess with Intent to Distribute Cocaine and Methamphetamine, and Conspiracy to Import Cocaine and Methamphetamine, for an incident that occurred on October 22, 2015 at the DeConcini Port of Entry. On that date, Ms. Saldivar was discovered to be carrying packages on her person containing

1

narcotics. The Defendant has asserted the defense of duress.

The Government is seeking to admit evidence of an incident that occurred on December 4, 2014, at the DeConcini Port of Entry, in which Ms. Saldivar's vehicle, a 2002 Toyota Tundra, was found to contain packages of suspected narcotics. Upon arrival at the entrance to the United States, Ms. Saldivar was directed to secondary inspection at which time she told the agent that she had been in Nogales, Mexico waiting for a piñata and other birthday supplies to be made. Packages of cocaine and methamphetamine were found in the rear seat fabric of the truck, embedded within the back seat. Upon questioning, Ms. Saldivar stated she had been in Nogales purchasing party supplies for her daughter's birthday. While she waited for the piñata, an auto detailer offered to detail her vehicle. After about an hour she picked up her vehicle from the auto detailer, and left in her vehicle. She denied knowing about the narcotics in the vehicle, and that the drugs must have been placed there while it was getting detailed. On December 30, 2014, Ms. Saldivar was charged with Possession and Importation of narcotic drugs in CR14-2199. However, the indictment was dismissed on May 12, 2015.

## II.    Law and Argument

### A.    The Prior Act is not Admissible as Evidence of the Charged Conspiracy

Rule 404(b) is inapplicable where the evidence the government seeks to introduce is *directly related to*, or *inextricably intertwined* with the crime charged in the indictment." United States v. Lillard, 354 F.3d 850, 854 (9th Cir.2003) (emphasis added). In a conspiracy case, the government may submit proof on the full scope of the conspiracy. The government is not limited in its proof to the overt acts alleged in the indictment. United States v. Rizk, 660 F.3d 1125, 1131 (9th Cir. 2011). However, evidence of "uncharged transactions" must be "closely linked" to the events charged in the drug conspiracy. United States v. Williams, 989 F.2d 1061, 1070 (9th Cir.1993). The prior act must also be established to be "in furtherance of the conspiracy." United States v.

Janati, 374 F.3d 263, 270 (4th Cir.2004) ("It is well established that when seeking to prove a conspiracy, the government is permitted to present evidence of acts committed in furtherance of the conspiracy even though they are not all specifically described in the indictment.").

There are two categories of cases in which "other act" evidence is inextricably intertwined with the charged crime:

The first is when the other act evidence constitutes a part of the transaction that serves as the basis for the criminal charge. U.S. v. Vizcarra-Martinez, 66 F.3d 1006, 1012 (C.A.9 (Cal.), 1995). "When it is clear that particular acts of the defendant are part of, and thus inextricably intertwined with, a single criminal transaction, we have generally held that the admission of evidence regarding those acts does not violate Rule 404(b)." U.S. v. Vizcarra-Martinez, 66 F.3d 1006 (C.A.9 (Cal.), 1995). For example, in United States v. Williams, the prior act evidence in question was found to be sufficiently closely linked to the charged drug conspiracy because the contemporaneous sales of cocaine and crank by the defendant were inextricably intertwined with the crime with which the defendant was charged: the sale of cocaine.

The second category is when the "other act" evidence is necessary for the government to offer a coherent and comprehensible story regarding the commission of the crime. Vizcarra-Martinez, 66 F.3d at 1012-1013. For example, in United States v. Daly, 974 F.2d 1215, 1216 (9th Cir.1992), evidence regarding a shoot-out was held to be "inextricably intertwined" with the charge that the defendant was a felon in possession of a firearm.

Under either of the above categories, coincidence in time is insufficient. There must be a sufficient contextual or substantive connection between the proffered evidence and the alleged crime to justify exempting the evidence from the strictures of Rule 404(b). Vizcarra-Martinez, 66 F.3d 1006 at 1013.

The prior act evidence which the Government seeks to introduce in the instant case is not

sufficiently closely linked or inextricably intertwined with, or in furtherance of the charged conspiracy. The prior act of December 4, 2014 does not constitute part of the charged transaction that serves the basis of the current charge, such as in Williams; nor is it required for the Government to offer a comprehensible story, such as in Daly.  There is no evidence that two acts in the instant case are connected in any manner except for the location at which they occurred.  The acts are not part of a single criminal transaction.  There is no evidence before the Court as to any fact that connects the two incidents in any substantive way to a conspiracy – there is no evidence or identification of other co-conspirators involved, and there is no evidence that Ms. Saldivar had knowledge of the prior act.  The prior act is not necessary to show a comprehensible story.  It is clear that the Government would encounter no difficulty in presenting its evidence of the current case without offering evidence of the prior act.

The Government's reliance on the Rizk case to support admission of the prior act evidence in this case to show the full scope of the conspiracy is misguided.  In Rizk, the court found that the additional 96 appraisals conduct by Rizk were prepared with other known individuals – a real estate developer and a mortgage broker – who were alleged to have participated in a scheme to defraud mortgage lenders.  The 96 appraisals were all prepared by Ms. Rizk herself, in furtherance of the conspiracy with a real estate developer and mortgage broker.  A close link existed between the uncharged and charged conduct.  Unlike in Rizk, the Government in this case cannot point to one other individual, or show any substantive connection between the prior, uncharged and unconvicted act of December 4, 2014 and the charged conduct in the current case.

    **B.**     **The Prior Act is not Admissible under Rule 404(b)**

Federal Rule of Evidence 404 provides, in relevant part:

(b) Crimes, Wrongs, or Other Acts.
(1) Prohibited Uses. Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the

person acted in accordance with the character.
(2) Permitted Uses; Notice in a Criminal Case. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

The Ninth Circuit has repeatedly emphasized that "[e]xtrinsic act evidence is not looked upon with favor. [O]ur reluctance to sanction the use of evidence of other crimes stems from the underlying premise of our criminal system, that the defendant must be tried for what he did, not for who he is. [G]uilt or innocence of the accused must be established by evidence relevant to the particular offense being tried, not by showing that the defendant has engaged in other acts of wrongdoing." United States v. Bradley, 5 F.3d 1317, 1320 (9th Cir.1993) (quoting United States v. Hodges, 770 F.2d 1475, 1480 (9th Cir.1985)).

Evidence of prior criminal conduct may be admitted under Rule 404(b) if (1) the evidence tends to prove a material point; (2) the prior act is not too remote in time; (3) the evidence is sufficient to support a finding that the defendant committed the other act; and (4) (in cases where knowledge and intent are at issue) the act is similar to the offense charged. Vizcarra-Martinez, 66 F.3d at 1014.

The appropriate purpose for which the evidence is being admitted must be explicitly stated – a mere list of the purposes found in Rule 404(b) is insufficient. United States v. Sampson, 980 F.2d 883, 887 (3d Cir. 1992). The district court must put a chain of inferences into the record, none of which is the inference that the defendant has a propensity to commit this crime. Id. at 888; accord United States v. Mayans, 17 F.3d 1174, 1181 (9th Cir. 1994).

Contrary to the Government's assertions, an analysis of the four-part test shows that the prior act of December 4, 2014 is not sufficient to prove knowledge, intent or lack of mistake. "Mistake" is not an issue in this case. Although "knowledge" and "intent" are elements of the offense charged, there is no evidence that Ms. Saldivar had any knowledge or intent to possess

narcotics in the December 4, 2014 incident.  There were no statements made by her indicating she had knowledge, nor were the narcotics in a location of her vehicle she could reasonably access under the circumstances, as they were found embedded in the fabric of the back seats.  Nor was there any evidence of a "conspiracy" or involvement with other known individuals.  In fact, the prior indictment against Ms. Saldivar was dismissed, presumably for precisely these reasons.  Thus, there is insufficient evidence that Ms. Saldivar committed the "act" the Government wishes to display before the jury.

Other than occurring at the same location, the two "acts" in question are not the same.  The prior act essentially constituted an unwitting courier with narcotics planted in her vehicle.  In contrast, the current act involves transporting drugs on her person under duress.  In addition, the fact that the prior act occurred ten months prior at the same location (DeConcini Port of Entry) is insufficient to support the admission of the prior act under Rule 404(b), especially considering the fact that is not uncommon for a large part of the population in Southern Arizona to travel to and from Mexico from Tucson.

Under the circumstances, it appears that the Government simply wants to use unsubstantiated innuendo to convict Ms. Saldivar of the current charges, that is, to infer to the jury that Ms. Saldivar has the propensity to commit the charged crime.  The government cannot show that a crime was committed in the prior act. Rather, the Government is essentially relying on a hunch that Ms. Saldivar had knowledge of the prior act, which is insufficient to support using the prior act against her.  Compare  Peters v. United States, 376 F.2d 839, 839-40 (5th Cir. 1967) (government may prove that the Defendant knew he was passing counterfeit securities by showing he had previously purchased counterfeit currency); United States v. Santa-Cruz, 48 F. 3d 1118, 111-1120 (9th Cir. 1995) (if the Defendant in a drug conspiracy case denies knowingly participating in a drug transaction, evidence that he had previously participated in a drug sale would tend to undercut

that claim).

### C. The Prior Act is not Admissible under Rule 403

Federal Rule 403 provides:

> Rule 403. Excluding Relevant Evidence for Prejudice, Confusion, Waste of Time, or Other Reasons. The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

"Unfair prejudice" refers to an "undue tendency to suggest a decision based on an improper basis, commonly, though not necessarily, an emotional one" or "evidence designed to elicit a response from the jurors that not justified by the evidence." United States v. Ellis, 147 F.3d 1131, 1135 (9th Cir. 1998). How unfairly prejudicial a piece of evidence must be for it to be excluded is related to how probative the evidence is of a relevant fact. If the evidence has only slight probative value, it must be excluded even if there is only a "modest likelihood of unfair prejudice or a small risk of misleading the jury." United States v. Hitt, 981 F. 2d 422, 424 (9th Cir. 1992).

Here, the probative value of the prior act is minimal because, as explained above, there is no evidence that Ms. Saldivar had knowledge of drugs in her car, or any conspiratorial evidence. If the December 4, 2014 act is admitted under Rule 404(b) against the Defendant, there is a huge danger that the jury would misuse the so-called "other act" to conclude that Ms. Saldivar had a criminal propensity to commit the instant offense.

### III. Conclusion

Based on the foregoing, it is respectfully requested that the Court deny the Government's Motion to admit the prior incident of December 4, 2014 against the Defendant in the current case. The prior act in question is not inextricably intertwined with the current charges, nor does it meet the foundational requirements to be admitted under Rule 404(b). Even if the other act was admissible under Rule 404(b), its probative value is substantially outweighed the a danger of unfair

prejudice under the circumstances.

RESPECTFULLY SUBMITTED this 21st day of October, 2016

DAMIANAKOS LAW FIRM, PLLC.

By: /s/ *ELIAS DAMIANAKOS*

Attorney for Defendant

Copy delivered electronically this date to:
All ECF Participants